IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN BURKE, | : |
| | : |
|     Plaintiff | : |
| | :   CIVIL NO. 1:CV-03-0165 |
| vs. | : |
| | :   (Judge Caldwell) |
| JEFFREY A. BEARD, *et al.*, | : |
| | : |
|     Defendants | : |

*M E M O R A N D U M*

*I.   Introduction.*

    The pro se plaintiff, Sean Burke, an inmate at SCI-Fayette, filed this lawsuit regarding events that occurred while he was housed at SCI-Mahanoy. He proceeds *in forma pauperis*. Presently before the Court are Burke's claims against defendant Maryann Wittke, M.D., the former staff psychiatrist at SCI-Mahanoy, as presented in the Second Amended Complaint (doc. 34). Burke alleges that Dr. Wittke was deliberately indifferent to his mental-health needs after he was assaulted by his cellmate.  (Doc. 34).

    Pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the claims against Dr. Wittke will be dismissed for failure to state a claim.

*II.    Background.*[1]

Burke alleges he was assaulted on October 25, 2000, by his mentally unstable cellmate, Larry Jordan, in the SCI-Mahanoy Restricted Housing Unit ("RAHU"). (Doc. 34). Burke claims he received inadequate psychiatric care for the sleeplessness and anxiety which he experienced after the assault. (*Id.* at ¶¶73-118.)

On October 30, 2000, Burke was seen at RHU sick call by Physician Assistant Rush (a non defendant), who referred him to the prison psychiatrist, Dr. Wittke. The next day Rush again referred Burke to Dr. Wittke as she had not yet seen him. Thirteen days after the alleged assault, on November 7, 2000, Burke wrote to Dr. Wittke, explaining his inability to sleep and fear of close quarters with other cell partners after the Jordan incident. Dr. Wittke wrote the following response: "I already wrote an order for your old med of choice Tegretol on 11/7 or 11/6." Burke admits he received a prescription for Tegretol but avers that Dr. Wittke's prescription of the medication without seeing him "seemed unusual and *may* have posed an excessive risk to his health and safety". (*Id*. at ¶ 81)(emphasis added). He

---

[1] Only allegations related to Burke's claims against Dr. Wittke are set forth since we are deciding the validity of only the claims against Dr. Wittke.

alleges she was deliberately indifferent because of: "her failure to meet with plaintiff to conduct a consultation and then based on that, determine if a prescription of psychotropic medication was the best course of action to aide the plaintiff's mental health problems he was experiencing." (*Id.*)  Burke concedes the medication did help him sleep, but it did not stop his recurring nightmares.  (*Id*. at ¶ 82).

Dr. Wittke saw Burke for the first time on or about December 12, 2000, a little over a month after she had prescribed him the Tegretol.  He claims this later meeting also "show[s] [her] deliberate indifference."  (*Id*. at ¶ 90).  On that date, Dr. Wittke, after meeting with Burke, prescribed a new medication, Elavil.  (*Id*. at ¶ 99).

*III.    Standard of Review*.

28 U.S.C. § 1915(e)(2)(B)(ii), requires a federal court to dismiss a case filed by a prisoner in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted."  The dismissal of such a meritless claim can occur at any time.  (*Id*.)  In applying this statutory requirement here, we rely on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6), which authorizes a defendant to seek dismissal of a complaint on

basically the same ground, "failure to state a claim upon which relief can be granted." Thus, we accept the truth of the plaintiff's factual allegations, *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990), and decide in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995).

*IV.   Discussion*.

Burke claims Dr. Wittke was deliberately indifferent to a serious medical need, the psychological problems he experienced after he was assaulted, when she prescribed him psychotropic medication approximately fifteen days after his assault without first interviewing him. He further alleges that her delay for a little over a month to see him to determine whether the medication was helping him, or if it was the "best" treatment for him, demonstrates her deliberate indifference to his serious psychological needs.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment, *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), which proscribes "deliberate indifference to serious medical needs of prisoners."

-4-

*Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There is "no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart." *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 763 (3d Cir. 1979) (citation omitted).

To establish a medical claim based on the Eighth Amendment, an inmate must allege (1) acts or omissions by prison officials sufficiently harmful (2) to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The inmate must satisfy this two-part, conjunctive test. Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference. *See Farmer v. Brennan,* 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). It also follows that an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Durmer v. O'Carroll*, 991 F.2d at 69; *Spruill,* 372 F.3d at 235. Additionally, courts will not second

guess whether a particular course of treatment is adequate or proper. *Parham v. Johnson,* 126 F.3d 454, 458 n.7 (3d Cir. 1997).

In this action, Burke admits that within ten days after Rush referred his complaint to Dr. Wittke, a licensed psychiatrist, she issued him a prescription for Tegretol to assist in alleviating his psychological problems.  Further, she did review his medical records as she notes that "I already wrote an order for *your old med of choice* Tegretol on 11/7 or 11/6."  (Doc. 34 at ¶ 79)(emphasis added).  Burke's complaint that she did not personally interview him prior to writing the prescription is nothing more than a disagreement with prescribed medical care.  The fact that Burke believes that the medication "*may* have posed an excessive risk to his health and safety" (*Id*. at ¶ 81)(emphasis added), does not state a claim of deliberate indifference.  Likewise, his belief that she needed to interview him prior to prescribing medication to ensure it was "the best course of action to aid the plaintiff's mental health problems" (*Id*.) is no more than Burke's second-guessing of Dr. Wittke, a licensed psychiatrist.

We also note that he admits he received the medication, and that it did help him sleep.  He also admits that Dr. Wittke reviewed his medication *with him*, a little over a month after he started taking the Tegretol, and at this meeting, she prescribed

another medication, Elavil.  Clearly, Dr. Wittke did not ignore Burke or his mental-health needs.  Burke's own determination as to an constitutes appropriate protocol in prescribing psychotropic medications is irrelevant.  Plaintiff's disagreement with the professional's course of treatment is insufficient to rise to the level of an Eighth Amendment claim.  *Spruill*, *supra*.  Under these conditions, Plaintiff fails to establish a violation of his constitutional right to adequate medical/mental health care under the Eighth Amendment against Dr. Wittke.

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: June 14, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEAN BURKE,                           :
                                      :
     Plaintiff                        :
                                      :   CIVIL NO. 1:CV-03-0165
     vs.                              :
                                      :   (Judge Caldwell)
JEFFREY A. BEARD, *et al.*,           :
                                      :
     Defendants                       :

*O R D E R*

     AND NOW, this 14th day of June, 2005, for the reasons set forth in the accompanying memorandum, it is ordered that Burke's Eighth Amendment claim against Dr. Wittke, as set forth in paragraphs 73 - 118 of the amended complaint, is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge