```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


SEAN BURKE,                      :
                                 :
     Plaintiff                   :
                                 :   CIVIL NO. 1:CV-03-0165
     vs.                         :
                                 :   (Judge Caldwell)
JEFFREY A. BEARD, et al.,        :
                                 :
     Defendants                  :
```

*M E M O R A N D U M*

*I.   Introduction.*

     Presently before the Court is Plaintiff's Motion for the Permissive Joinder of Correctional Physicians Services, I.S.L. Ltd., Dr. Ilan S. Levinson, M.D., and I.S.L. Limited Practice Administrator, Kathie Walsh.[1]  (Doc. 83).  For the following reasons, the motion will be denied.

*II.   Background.*

     In relevant part, Plaintiff alleges that on October 26, 2000, while housed at SCI-Mahanoy, he was assaulted by his

---

[1] We note that neither Plaintiff's motion nor supporting brief contains a Certificate of Service as required by Fed. R. Civ. P. 5(d) and M.D. Local Rule 4.2.  Defendants have not filed a response to this motion, perhaps simply because there is no evidence that Burke served any of these documents on defense counsel.

cellmate, inmate Jordan, who was experiencing psychological problems. (Doc. 34). After the assault, Burke claims he received inadequate psychiatric care for the sleeplessness and anxiety he experienced. On October 26, 2000, Plaintiff sought the assistance of SCI-Mahanoy's Psychologist, Ms. Easter. In essence, she responded that "the amount of services [he could] get in the RHU [was] very limited" and that she would "try" to stop by and see him and give him some reading material for dealing with stress. Four days later he was seen at sick call by Physician Assistant ("PA") Rush who referred him to the institution's Psychiatrist, Dr. Wittke. On October 31, 2000, PA Rush again referred Burke to Dr. Wittke as Burke had not yet been seen by Easter or Wittke. On November 7, 2000, Burke wrote to Dr. Wittke explaining his inability to sleep, and fear of close quarters with other cell partners after the Jordan incident. Dr. Wittke responded "I already wrote an order for your old med of choice Tegretol on 11/7 or 11/6." Burke admits he received a prescription for Tegretol. However, he finds fault with Dr. Wittke's prescription of this medication without first physically interviewing him.

     In his present motion, Burke states that interrogatory responses from Catherine McVey, the Department of Corrections' Director of Health Care Services, revealed relevant information

related to the contract medical and mental-health care providers at SCI-Mahanoy during the relevant times of his incarceration there. (Doc. 84). Burke alleges that Correctional Physicians Services ("CPS") was under contract with the Pennsylvania Department of Corrections to provide medical and psychiatric services at SCI-Mahanoy. CPS then subcontracted the provision of psychiatric services to Dr. Ilan S. Levinson, M.D. and his practice of I.S.L. Ltd., who in turn hired Dr. Mary Wittke, Psychiatrist. Burke contends "defendant Wittke's constitutional wrongdoings not only apply to her but to her contracted employer as well". (Doc. 84). Burke adds that "[i]t was the responsibility of [CPS] ... to ensure that there (sic) sub-contracted employees were properly trained in the procedure's regarding the provision of psychiatric services" to SCI-Mahanoy inmates. "It would appear on the face of the claims raised against defendant Wittke that [CPS] failed to provide such training." (*Id*.) Burke seeks leave to add these entities and individuals as defendants in this action.

*III.   Discussion.*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct

-3-

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*). Liability may not be imposed under § 1983 on the traditional standards of *respondeat superior. Rode*, 845 F.2d at 1207-08. Moreover, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." *Capone v. Marinelli*, 868 F.2d 102, 106 n.7 (3d Cir. 1989) (citing *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)). The same principles apply when medical services are being provided to prisoners under a contract. *Walker v. Horn*, 385 F.3d 321, 332, fn. 24 (3d Cir. 2004)(a physician who is under contract to provide medical services to inmates at a state prison acts under color of state law for § 1983 purposes). Therefore, "[a]bsent a showing that an employee committed the alleged

-4-

unlawful act(s) at issue pursuant to a policy of her or his private corporate employer, said employer cannot be held vicariously liable for its employee's purported misdeed(s) in a civil rights suit." *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995). *See also*, *Nelson v. Prison Health Services, Inc.*, 991 F.Supp. 1452, 1465 (M.D. Fla. 1997):

> . . . a private corporation like Prison Health Services can not be held liable on the basis of the doctrine of respondeat superior. . . . Thus, the test for PHS's liability under section 1983 mirrors that of the test for the County: that is, 'the plaintiff would need to show either that the company was directly involved in the alleged violation or that a policy or custom of the corporation led to the violation.' (internal citations omitted.)

Burke alleges that the prospective defendants all have failed to train Dr. Wittke "in the provision of psychiatric services at S.C.I. Mahanoy from 10/01/00 thru (sic) 1/1/01." (Doc. 84). However, Burke does not suggest what training they failed to provide her that would have impacted her ability, knowledge or skill as a physician, more specifically as a licensed psychiatrist, in administering mental-health care to inmates at SCI-Mahanoy. Burke also fails to allege that CPS or Dr. Levinson's group had a custom, practice, or policy which led to the purported wrongful conduct on the part of Dr. Wittke. Moreover, the court has concluded in a separate memorandum that

-5-

Plaintiff has failed to state an Eighth Amendment claim against Dr. Wittke.  Therefore, Burke fails to state a claim against these individuals and there would be no point in allowing him to amend his complaint to add them as defendants.  Further, there are no allegations of the personal involvement of Dr. Levinson or Ms. Walsh in Dr. Wittke's purported wrongful conduct. Consequently, the court will deny Burke's motion for permissive joinder.

       We will issue an appropriate order.

                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge

Date: June 14, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN BURKE, | : |
| | : |
| Plaintiff | : |
| | :    CIVIL NO. 1:CV-03-0165 |
| vs. | : |
| | :    (Judge Caldwell) |
| JEFFREY A. BEARD, *et al.*, | : |
| | : |
| Defendants | : |

*O R D E R*

AND NOW, this 14th day of June, 2005, upon consideration of Plaintiff's Motion for Permissive Joinder (Doc. 83), it is ordered that the motion is DENIED.

/s/William W. Caldwell
William W. Caldwell
United States District Judge